UNITED STATES DISTRICT COURT       O
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| MARSHA NEUBAUER, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. L-09-81 |
| § | |
| LOGAN'S ROADHOUSE OF TEXAS, INC., § | |
| *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs Marsha and Ricky Neubauer's ("Plaintiffs") Motion to Remand. [Dkt. No. 7].[1] Also pending before the Court is Defendant Monica Gutierrez's ("Gutierrez") Motion to Dismiss. [Dkt. No. 5]. Upon review of the Plaintiffs' Motion to Remand, the response, and governing authorities, such motion is **GRANTED**. Consequently, the Court declines to rule upon Gutierrez's Motion to Dismiss.

**I.  BACKGROUND**

This suit arises from an alleged slip-and-fall incident which resulted in alleged injuries and damages to Plaintiffs Marsha and Ricky Neubauer. Plaintiffs are individuals residing in Chillicothe, Illinois. [Dkt. No. 3, Ex. 2 at ¶ 1]. Defendant Logan's Roadhouse[2] is incorporated and has its principal place of business in Tennessee. [Dkt. No. 1 at ¶ 11]. Defendant Monica Gutierrez ("Gutierrez") is a resident of Laredo, Texas and was, at the time of the alleged incident, an employee of Logan's Roadhouse. [Dkt. No. 4 at ¶¶ 1, 9].

Plaintiff Marsha Neubauer alleges that, on or about June 22, 2007, during normal

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing.

[2] In its Original Answer, Logan's Roadhouse indicates that it has been incorrectly named in the suit as "Logan's Roadhouse of Texas, Inc.", and otherwise indicates that its proper name is "Logan's Roadhouse, Inc.". [Dkt. No. 3, Attach. 6].

business hours, she visited a restaurant in Laredo, Texas, which was owned, occupied, operated and maintained by Logan's Roadhouse. [Dkt. No. 3, Ex. 9 at ¶ 4]. During this visit, Plaintiff Marsha Neubauer alleges that she walked into a women's restroom. [*Id*. at ¶ 5]. After entering the restroom, she allegedly pushed a stall door open, stepped on the floor, and slipped and fell, not realizing that the area of the bathroom stall was wet. [*Id*.]. Before and during the time of this incident, Plaintiffs allege that Defendant Gutierrez was present in the restroom. [*Id*.].

On March 25, 2009, Plaintiffs filed an Original Petition in the 49th Judicial District Court, Webb County, Texas, asserting claims of negligence, gross negligence, and negligent hiring, training, and supervision against Logan's Roadhouse. [Dkt. No. 1 at ¶ 19 & Dkt. No. 3, Attach. 2 at ¶¶ 6, 7]. As a result of the incident at issue, Plaintiff Marsha Neubauer avers that she suffered and will continue to suffer "serious, disabling injuries, including injuries to her left knee." [*Id*. at ¶ 4]. She also alleges sustaining past and future pain, suffering, and mental anguish; past and future costs of medical care and treatment; past and future physical impairment; and past and future physical disfigurement. [*Id*. at ¶ 9]. Moreover, she claims punitive, or exemplary, damages resulting from Logan's Roadhouse's alleged gross negligence. [*Id*. at ¶ 8]. Finally, Plaintiff Ricky Neubauer asserts a claim of loss of consortium and society as the spouse of Plaintiff Marsha Neubauer, and claims resulting spousal damages. [*Id*. at ¶ 10].

On June 23, 2009, Plaintiffs filed a Second Amended Petition, naming Gutierrez as a Defendant and asserting a claim of negligence against her. [Dkt. No. 3, Ex. 8]. Thereafter, on July 23, 2009, Plaintiffs filed a Third Amended Petition, detailing the claim of negligence against Gutierrez with greater specificity. [Dkt. No. 3, Attach. 9 at ¶ 7]. On the same day that Plaintiffs filed their Third Amended Petition, Logan's Roadhouse filed a Notice of Removal, invoking diversity jurisdiction under 28 U.S.C. § 1332(a) and § 1441. [Dkt. No. 1].

Plaintiffs subsequently filed the pending Motion to Remand. [Dkt. No. 7]. In this motion, Plaintiffs object to Defendants' removal, contending that the Court lacks jurisdiction over this action because Gutierrez is a citizen of Texas. [*Id*. at ¶ 23]. Additionally, Plaintiffs assert that removal was not timely, [*Id*. at ¶ 18], and that Logan's Roadhouse waived its right to remove the case to this Court. [*Id*. at ¶ 20].

Logan's Roadhouse later filed a Response, countering that Gutierrez was fraudulently joined as a party because Plaintiff presented no viable cause of action against her. [Dkt. No. 10 at ¶ 2]. Logan's Roadhouse also contends that the suit was timely removed, [*Id*. at ¶ 4], and that it did not waive its right to removal. [*Id*. at ¶ 9].

## II.   DISCUSSION

### A.   Standard Governing Removal Jurisdiction

"Federal courts are courts of limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The removal statute, 28 U.S.C. § 1441(a), provides for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction. . . ." Subsection (b) specifies as follows:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought*.

28 U.S.C. § 1441(b) (emphasis added). Therefore, "[i]f jurisdiction is based on diversity of citizenship, the action is removable only if there is complete diversity and 'none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" *Crocket v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 531-32 (5th Cir. 2006); *Coury v. Prot*, 85 F.3d 244, 252 (5th Cir. 1996) (finding removal was improper "because a defendant

may not remove a state action to federal court if a defendant is a citizen of the state in which the action is filed").

The Fifth Circuit strictly construes the removal statute against removal jurisdiction. *See Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996). The party removing the case to federal court has the burden to establish that federal jurisdiction exists. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir.1988). To decide whether jurisdiction is present for removal, a district court must consider the claims in the state court petition as they existed at the time of removal. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root. Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

Here, ten days before removal, Plaintiffs named Gutierrez as a defendant in this action. Defendants' Notice of Removal contains no allegations regarding her citizenship, and states only that she is a resident of Texas. Presumably, however, Defendants consider Gutierrez to be a citizen of Texas, as they assert that Gutierrez was fraudulently joined as a party in order to defeat removal. [*See* Dkt. No. 10 at ¶ 2 ("As regards Plaintiffs' assertion that since Gutierrez is a Texas citizen this case is not properly removable, Defendant would submit that Gutierrez was fraudulently added as a party in an attempt to defeat diversity")]. Because neither of the parties dispute Gutierrez's citizenship, and since any ambiguity is construed against removal, the Court will treat Gutierrez as a citizen of Texas. As Gutierrez's presence as an in-state defendant in this suit renders removal improper under § 1441(b), the Court turns to address Defendants'

fraudulent joinder claim.

### B. Standard Governing Fraudulent Joinder

A party seeking removal carries a heavy burden in attempting to demonstrate fraudulent joinder. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002) (citing *Cavallini*, 44 F.3d at 259). When the removing party alleges improper joinder as its basis for removal, it must establish either "(1) actual fraud in the pleading of jurisdictional facts, or (2) [the] inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005) (quoting *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)). Here, Defendants invoke the second justification for proper removal. A district court deems a plaintiff unable to establish a cause of action against a non-diverse defendant if "there is no reasonable basis . . . to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

To determine whether a defendant has been fraudulently joined, a district court may conduct one of two inquiries. *Smallwood*, 385 F.3d at 573. "[A district court] may conduct a Rule 12(b)(6)-type analysis, looking initially [to] the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. In conducting this analysis, a district court must look at the claims as they existed at the time of removal, and not to post-removal amendments. *Cavallini*, 44 F.3d at 264. On the other hand, a district court may consider "summary judgment-type evidence such as affidavits and deposition testimony" when adjudicating an improper joinder claim. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999).

### C.  Whether No Reasonable Basis Exists for Plaintiffs to Recover on their Claims for Negligence and Nonfeasance

In support of its fraudulent joinder claim, Logan's Roadhouse contends that "there is no viable cause of action against Ms. Gutierrez[.]"  [Dkt. No. 10 at ¶ 2].[3]  The Court disagrees.  Under Texas law, "[a] negligence cause of action has three elements: 1) a legal duty; 2) breach of that duty; and 3) damages proximately resulting from the breach."  *Van Han v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998) (citing *Praesel v. Johnson*, 967 S.W.2d 391, 394 (Tex. 1998)).  The Third Amended Petition alleges that Gutierrez was in the restroom before Marsha Neubauer entered, and that the standing water in the bathroom stall was so large that Gutierrez must either have created the hazardous condition or intentionally disregarded the hazardous condition.  [*Id*. at 4].  Similarly, the Petition alleges that "[d]ue to the size of the standing water in the subject bathroom stalls, and location of the standing water in proximity to where [Gutierrez] was located (approximately five feet from where [Marsha Neubauer] fell), her failure to take appropriate action constitute[d] negligence[.]"  [*Id*. at 4].  Further, the Petition alleges that Marsha Neubauer suffered injuries as a direct result of falling in the women's restroom of the restaurant, and that her fall was proximately caused by the dangerous condition of an excessively wet floor.  [Dkt. No. 3, Ex. 9 at 2].  These alleged facts provide a reasonable basis to predict that Plaintiffs may be able to recover on a negligence claim.

Aside from asserting, in conclusory fashion, that Plaintiffs failed to present a viable claim against Gutierrez, Logan's Roadhouse directs the Court to the arguments presented in Gutierrez's Motion to Dismiss and her Reply to Plaintiffs' Response.[4]  [Dkt. No. 10 at 2].  The

---

[3] Logan's Roadhouse seemingly purports to incorporate by reference the arguments and authorities set forth in Gutierrez's Motion to Dismiss, [Dkt. No. 5], and Gutierrez's Reply to Plaintiff's Response to Gutierrez's Motion. [Dkt. No. 9].

[4] In Gutierrez's Motion to Dismiss, Defendants state an affidavit of Gutierrez was attached. [Dkt. No. 5 at ¶ 4]. No such affidavit was attached, however.

Court addresses the arguments presented therein only to the extent that they relate to the issue of whether a reasonable basis exists to believe that Plaintiffs may be able to recover on a negligence claim.

Defendants contend that Plaintiffs cannot proceed with causes of action for premises liability, negligent activity, and nonfeasance against Gutierrez. [Dkt. No. 5 at 7]. Directing the Court to *Keetch v. Kroger Co.*, 845 S.W.2d 262 (Tex. 1992), Defendants argue that Plaintiffs cannot proceed with a premises liability claim because Gutierrez was not an owner or occupier of the restaurant when the incident occurred, and that Plaintiffs cannot proceed with a negligent activity claim because the Third Amended Petition does not allege that Gutierrez's acts occurred contemporaneously. These arguments lack merit for two reasons. First, Defendants misconstrue Plaintiffs' claims. The Third Amended Petition does not contain claims for premises liability and negligent activity against Gutierrez. Rather, Plaintiffs clearly presents claims of negligence against Gutierrez.[5] In particular, the Third Amended Petition alleges that the standing water in the bathroom stalls was so large that Gutierrez must either have created the hazardous condition or intentionally disregarded it, and that such action or inaction subjects "her to personal liability in tort." [Dkt. No. 3, Ex. 10 at 4]. These facts suffice to allege that Gutierrez created the standing water in the bathroom stall wherein Marsha Neubauer slipped, and so also that she had a corresponding duty.

---

[5] The Court notes that, in their Motion to Remand, Plaintiffs contend that a valid claim exists against Gutierrez for premises defect, negligent undertaking, and nonfeasance. [Dkt. No. 7 at ¶ 32; see also *id*. at ¶ 22 ("Plaintiffs properly joined Gutierrez [. . .] in their premises defect, negligent activity and nonfeasance causes of action in state court.")]. However, claims for premises defect and negligent activity against Gutierrez were not explicitly presented in the Second or Third Amended Petitions. Notwithstanding Plaintiffs' representations in their Motion to Remand, the Court is guided by the Second and Third Amended Petitions in determining which claims were presented. *See Smallwood*, 385 F.3d at 573 ("The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.")

Secondly, as the elements of a negligence claim are distinct from those of premises defect and negligent activity claims, *Keetch* bears little relevance to Plaintiffs' negligence claim against Gutierrez. As noted by the Fifth Circuit in *Fontenot v. FedEx Group Package System, Inc.*, 146 Fed.Appx. 731 (5th Cir. 2005) (unpublished), *Keetch* involved a premises defect case, a kind of case that "addresses the liability of a party who owns or has the right to control premises at the time of an injury thereon to an invitee then present on, but not in control of, those premises." The *Keetch* court also reviewed the requirements for a negligent activity claim, noting that "[r]ecovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." 845 S.W.2d at 264. However, the negligence claim asserted by Plaintiffs against Gutierrez is clearly distinct from the negligent activity claim presented by the plaintiffs in *Keetch*. *See id*. at 731, n.2 ("We note the distinction between two broad categories of causes of action: pure negligence and premises liability. Within the premises liability cause of action, there are two theories of recovery: premises defect and negligent activity. Contemporaneousness is an element of negligent activity theory of premises liability, *see Keetch*, 845 S.W.2d at 264, and thus has no bearing on [a plaintiff's] pure negligence claim."). Defendants have seemingly failed to appreciate the distinction between a pure negligence claim and a premises liability claim.[6] Their

---

[6] In Gutierrez's Motion to Dismiss, Defendants cite *Keetch v. Kroger Co.*, 845 S.W.2d 262 (Tex. 1992) for the proposition that "when a plaintiff is injured by some activity that occurred on the premises earlier and was not ongoing at the time of the injury, that plaintiff can only sue under a premises liability theory." [Dkt. No. 5 at ¶ 9]. *Keetch* simply does not support this proposition. Instead, as the plaintiff in that case sought recovery under both negligent activity and premises defect claims, the *Keetch* court concluded that a negligent activity claim was unavailable because no ongoing activity was alleged to have occurred at the time of the injury. *Keetch*, 845 S.W.2d at 264. Importantly, the plaintiff in *Keetch* did not seek to recover under a pure negligence claim.

Defendants cite two other cases that similarly address the distinction between negligent activity and premises defect claims, i.e. the presence or absence of ongoing activity. *See In re Texas Dept. of Transp.*, 218 S.W.3d 74, 78 (Tex. 2007) (concluding that, because plaintiffs did not allege that ongoing activities occurred at time of accident, they could proceed only with premises defect claims); *City of Lubbock v. Rule*, 68 S.W.3d 853, 860, n.7 (Tex.App.-Amarillo 2002, no pet.) (discussing "distinction between negligent conduct committed by an *occupier of property* that immediately causes injury and the same negligent conduct that does not inflict . . . "contemporaneous" harm")

contention that Plaintiffs cannot proceed with a negligence claim without also alleging the element of contemporaneousness is without merit. The Court thus cannot conclude that joinder of Gutierrez in this suit was fraudulent.

In sum, the Court concludes that the facts alleged in the Third Amended Petition suffice to show that a reasonable basis exists for Plaintiffs to recover on their claim of negligence. The Court thus also finds Gutierrez was not fraudulently joined as a defendant. Gutierrez is an in-state defendant; thus, 1441(b) precludes the Court from maintaining jurisdiction over this action. The Court need not address whether the Notice of Removal was timely or whether Logan's Roadhouse waived its right to removal.

### III.   CONCLUSION

For the reasons stated, Plaintiffs' Motion to Remand is **GRANTED**. The Court thus declines to rule upon Defendants' Motion to Dismiss Gutierrez. [Dkt. No. 5]. This case is hereby **REMANDED** to the 49th Judicial District Court in Webb County, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**

---

(emphasis added) *overruled in part on other grounds by State v. Shumate*, 199 S.W.3d 279 (Tex. 2006). Neither of these cases establishes or recognizes that a plaintiff is precluded from suing an individual (who is not an owner or occupier of property) under a pure negligence claim where no ongoing activity occurred at the time of injury.